Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GAVIN McCLASKEY<br>    Plaintiff,<br>   v.<br><br>TILLAMOOK FIRE DISTRICT, a local public body, KRIS DAVIS, as an individual and in his official capacity, PAUL EDWARDS, as an individual and in his official capacity,<br><br>    Defendants. | Case No. 3:23-cv-01276<br><br>**COMPLAINT**<br>**ORS §§ 659A.199, 659A.203, 659A.030, 659A.112, 654.062, Invasion of Privacy, Intentional Infliction of Emotional Distress**<br><br>Claim: $500,000<br><br>Filing Fee: $402<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gavin McClaskey ("Plaintiff") brings this action against Defendants Tillamook Fire Department ("TFD"), Assistant Chief, Paul Edwards ("Edwards"), and Lieutenant Kris Davis ("Davis").

/ / /

## PARTIES

1.

Plaintiff was at all material times herein a resident of Tillamook, Oregon. Plaintiff is currently a resident of Vancouver, Washington.

2.

TFD is a local public body that provides firefighting services to Tillamook, Oregon, and the surrounding region.

3.

At all material times, Davis was a Lieutenant in the TFD residing in Tillamook, County, OR.

4.

At all material times, Edwards was the Assistant Chief of the TFD residing in Tillamook, County, OR.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000.

6.

Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise of the claims occurred in this district. Venue is proper in this division pursuant to Local Rule 3-2 because a substantial part of the events or omissions giving rise to this claim occurred in Tillamook County.

/ / /

/ / /

## FACTUAL ALLEGATIONS

7.

Plaintiff incorporates the preceding paragraphs of this complaint by reference. All allegations made herein are made upon information and belief, based on investigation of counsel and personal knowledge.

8.

Plaintiff worked for TFD beginning September 2018 until his termination from TFD on or about September 29, 2022.

9.

In June 2022, because of his recent divorce, Plaintiff began living in the TFD fire house in the segregated upstairs quarters along with several other firefighters.

10.

In exchange for responding to a predetermined number of distress calls per month, Plaintiff was allowed to live in the fire station.

11.

On or about August 3, 2022, a safety meeting was taking place at the fire department. As Plaintiff was taking out the trash, he overheard members of the fire department speaking about Plaintiff's use of a tobacco vape pen, leading into an insulting conversation about Plaintiff.

12.

Frustrated, Plaintiff came into the meeting with around fifteen members present. Those in attendance included but not limited to, Chief Daron Bement ("Bement"), Captain Sterling ("Sterling"), Lieutenant Davis, Tim Hamburger ("Hamburger"), Ethan Gilbert ("Gilbert"), John Welch ("Welch"), Assistant Chief Edwards, and Chris Grimes ("Grimes").

13.

Plaintiff was upset as the conversation was bringing up past incidents that were unrelated to the safety meeting and meant to embarrass Plaintiff.

14.

Plaintiff left the meeting and went upstairs to remove himself from the situation. Upstairs is reserved only for those who stay overnight at the fire station. While berating Plaintiff, Davis and Edwards followed Plaintiff upstairs, violating the overnight restricted area rules, and proceeded to follow Plaintiff into the bathroom and shower area.

15.

Davis and Edwards continued to berate and harass Plaintiff after he requested they leave the shower area as Plaintiff was naked and trying to shower.

16.

Plaintiff was forced into the shower stall to get away from Davis and Edwards, but needed to sit on the floor of the shower as the stall door is only five-feet tall allowing Davis and Edwards to see Plaintiff and speak directly to him if Plaintiff remained standing.

17.

On or about August 4, 2022, Plaintiff came back to the station during lunch and Bement who said that if Plaintiff did not come speak with him immediately, he would be kicking Plaintiff "out on the streets." Plaintiff at this time was living at the fire station and had no other living accommodations.

18.

On or about August 4, 2022, in the evening Plaintiff called Tillamook Police Department ("TPD") and made a report about the actions of Davis and Edwards in the bathroom incident.

19.

After the report, Edwards routinely talked with other firefighters and Plaintiff to inquire about the police report that Plaintiff filed. Edwards harassed Plaintiff and would routinely follow him into the restricted sleeping quarters asking about the report.

/ / /

PAGE 4 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

20.

On or about August 12, 2022, Bement and Edwards had a meeting with Plaintiff to discuss the safety meeting incident contained wherein Bement was openly discussing the private conversations he had with Plaintiff concerning Plaintiff's mental health in front of Edwards who routinely caused Plaintiff mental health issues.

21.

Plaintiff was frustrated because he believed that his conversations about mental health with Bement were confidential, and because Plaintiff's mental health issues recently included conflicts with Edwards who was present.

22.

After the meeting, Edwards again followed Plaintiff and asked him about his intentions filing the police report. Edwards told Plaintiff that if someone had to go, it would be Plaintiff, not himself (Edwards), because Plaintiff was the problem.

23.

On or about August 16, 2022, during the public comment portion of the Tillamook Fire Board meeting, Plaintiff addressed the board about the incidents that occurred on or about August 3, 2022, and other issues he was having at the station. Plaintiff was met with opposition, including a heated exchange with Board Chair, Tim Hamburger, who said, "If I had my way, you'd be out", while other board members read excerpts from the police report laughing, including Leonard Ingills ("Ingills"). Plaintiff attempted to contact Special District Office ("SDO") and did not receive a response. Plaintiff left the meeting upset that his attempt to bring these incidents to the board's attention was met with dismissive attitudes and further embarrassment.

24.

On or about September 1, 2022, Plaintiff was on a fire call in the Trask River area with other firefighters and assigned as the flagger. When the fire call was resolved, the fire truck that Plaintiff arrived on, Truck #49, drove past Plaintiff on its way back to the fire station, leaving

Plaintiff on the side of the road. Davis, Kyle Adams ("Adams"), Gilbert, and Mike Boydell ("Boydell") were onboard the truck. While driving away, Davis flipped Plaintiff off (gave Plaintiff the middle finger) laughing as the truck drove away. Plaintiff was left in full gear approximately 10 miles from the station. Plaintiff began walking down the highway back into town.

25.

Later, Bement happened to be driving his personal car in the same direction, saw Plaintiff and picked him up.

26.

In the car ride, Plaintiff asked Bement for accountability from the firefighters who were responsible for this safety violation of leaving a crew member on the side of a road. Plaintiff requested a report and review of the incident.

27.

TFD never investigated firefighters related to this incident.

28.

TFD never disciplined any firefighters related to this incident.

29.

On or about September 20, 2022, on Highway 6, while on an accident scene, Plaintiff was designated to be the flagger but could not find a flagger vest. Plaintiff asked Adams, Sterling, Gilbert, and Hamburger if they had a flagger vest and could exit the truck and be the flagger. Plaintiff was given no verbal response. Those in the truck began looking for another flagger vest, Plaintiff repeated the question, but again got no verbal response. In frustration, Plaintiff used a profanity.

/ / /

30.

PAGE 6 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

On or about September 28, 2022, Plaintiff was asked to have a meeting to discuss the events that took place on September 20th.

31.

During the meeting, Davis and Edwards brought up Plaintiff's mental health issues, including knowledge of suicidal tendencies shared only with Bement, and the fact that Plaintiff was seeing a therapist. Davis and Edwards brought up Plaintiff's recent divorce belittling him for having a failed marriage, brought up past incidents about a bar tab, and complained about how they did not like Plaintiff. At one point, Davis got upset and attempted to physically fight Plaintiff pushing for an altercation saying, "There is no wonder why you're not married, nobody likes you." Plaintiff averted the altercation.

32.

On September 29, 2022, Plaintiff was called into Bement's office.

33.

When Plaintiff entered the office, TPD officer Martinez was present.

34.

Plaintiff asked Bement what this meeting was about. Bement told Plaintiff that Plaintiff was being terminated and handed Plaintiff a termination letter.

35.

Bement also said that because Plaintiff lived at the station, he needed to be escorted out or be subject to trespassing. Bement demanded that Plaintiff sign TFD's copy of the termination letter.

36.

Plaintiff took his copy of the termination letter and tried to hand back to Bement TFD's copy of the termination paperwork, saying he will sign after he had a chance to speak with an attorney and stood up to leave.

37.

Martinez blocked the only door in the office, raised his hand indicating that Plaintiff should stop walking towards the door with his other hand on his gun/or taser, and told Plaintiff to sit down, stated that the meeting was not over and Bement was still talking to Plaintiff.

38.

Plaintiff stood up to consult an attorney concerned both about his employment rights and tenant rights, but Bement told Plaintiff he needed to sign the termination paperwork before he could leave.

39.

Plaintiff reiterated he was not willing to sign anything until he had counsel and again, attempted to leave.

40.

Martinez stepped in front of the office door preventing Plaintiff from leaving and placed the palm of his hand upon the holstered handle of his pistol/or taser.

41.

Plaintiff told Martinez that he was unsure why he could not leave as he was not under arrest, since this was an employment matter between him and TFD. Plaintiff did not understand why the officer was present for this meeting but had no choice but to acquiesce to this false detention/imprisonment and stop talking.

42.

Martinez incorrectly stated that Plaintiff was on City property, did not have tenant rights, and stated that Plaintiff was a City employee.

43.

Plaintiff was not on City property, and he was not an employee of the City.

/ / /

44.

Plaintiff called Tillamook Mayor, Aaron Burris, on his cell phone and described the events taking place.

45.

After some time, Plaintiff who repeatedly refused to sign his termination paperwork even after Martinez told him Bement wanted him to sign the paperwork, was eventually allowed to leave the confines of the office. Bement and Martinez then forced Plaintiff to collect his belongings, turn in Plaintiff's keys, and was escorted out of the building under Martinez's insistence and supervision.

46.

Plaintiff has complied with all statutory requirements for notice to public bodies.

## FIRST CLAIM FOR RELIEF

**(Retaliation and Discrimination for Reporting Violation of Law under ORS 659A.199)**

**(Against TFD)**

47.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

48.

ORS 659A.199 makes it an unlawful employment practice for an employer to "discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

49.

Bement and TFD discriminated and retaliated against Plaintiff for filing his police report against Edwards and Davis, both of whom were his supervisors, for bringing up his concerns during the public comment portion of the TFD Board meeting, and for his reports of safety issues

related to the roadside abandonment incident. Plaintiff's reports were motivating factors for Defendant's retaliation.

50.

Plaintiff alleges that Plaintiff's reports to TPD, Bement, and TFD were determining factors in their decision to terminate Plaintiff.

51.

As a direct, legal, and proximate result of this discrimination and retaliation, Plaintiff has suffered and will continue to suffer economic damages to be proven at trial. As a result of Bement and TFD's actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial. Plaintiff seeks compensatory and reputational damages, and all other monetary relief available for discrimination and retaliation. Plaintiff will seek leave of court to plead punitive damages.

52.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

## SECOND CLAIM FOR RELIEF

## (ORS 659A.203 Whistleblower Retaliation)

## (Against TFD)

53.

Plaintiff incorporates the preceding paragraphs of this complaint by reference, specifically those encompassing Plaintiff's First Claim for relief.

54.

Bement and TFD retaliated against Plaintiff for his police report, public comment during the TFD Board meeting, and reports of safety issues.

55.

Plaintiff's reports were motivating factors for Defendant's retaliation.

56.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

### THIRD CLAIM FOR RELIEF

### (ORS 659A.030 (1)(a), (b) Marital Status Employment Discrimination)

### (Against TFD)

57.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

58.

Under ORS 659A.030 it is an unlawful employment practice for an employer to discriminate against an employee on the basis of the employee's marital status.

59.

Defendants discriminated against Plaintiff creating a hostile work environment because of his marital status and Plaintiff's marital status were motivating factors for Defendant's decision to terminate Plaintiff's employment.

60.

Plaintiff's divorce was the reason for him seeking residency at the fire station. This fact was commonly known, and Plaintiff suffered continued harassment about his divorce, including but not limited to statements from Davis, who said Plaintiff is "really immature" and that is why "his wife left him after two months."

61.

Plaintiff's divorce was often brought up as character evidence that Plaintiff had inter-personal relationship difficulties whenever he had issue with coworkers.

/ / /

PAGE 11 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

62.

As a direct, legal, and proximate result of this discrimination, Plaintiff has suffered and will continue to suffer economic damages to be proven at trial. As a result of Defendants actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial.

63.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, punitive damages, reasonable attorney fees, costs incurred herein, and all other monetary relief available, in amounts to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(ORS 659A.030 (1)(g) Marital Status Employment Discrimination)**

**(Against Edwards and Davis)**

64.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

65.

Edwards and Davis created a hostile work environment by continually ridiculing Plaintiff for his marital status and insulted Plaintiff about his divorce to invoke an emotional reaction from Plaintiff.

66.

The hostile work environment and discrimination was used as a gaslighting tool to discipline Plaintiff when he would be provoked into using profanity or respond emotionally.

67.

The use of this tactic was for the purpose of creating a basis for Plaintiff's termination.

/ / /

68.

Edwards and Davis aided and abetted the marital status discrimination, knowing this caused emotional distress to persuade Plaintiff to either resign or react in a manner that would lead to his discipline and termination.

69.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, punitive damages, reasonable attorney fees, costs incurred herein, and all other monetary relief available, in amounts to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (ORS 659A.112 Disability Employment Discrimination)

### (Against TFD)

70.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

71.

After his military service, Plaintiff suffered from a mental health disability which constitutes a mental impairment that substantially limits one or more major life activities under ORS 659A.104.

72.

ORS 659A.112 makes it an unlawful employment practice for an employer to discharge an employee from employment on the basis of disability.

73.

At all relevant times, ORS 659A.112, was in full force and effect and binding on Defendants.

/ / /

74.

After Plaintiff told Defendants of his disability, Defendants, including Bement personally, inappropriately shared this information for the purpose of inflaming Plaintiff's conditions causing Plaintiff to endure additional ridicule and to give Defendant's a justification for terminating Plaintiff's employment.

75.

Defendants used knowledge of Plaintiff's mental health issues and disciplined Plaintiff for his reactionary outbursts after subjecting Plaintiff to repeated gaslighting and harassment.

76.

Bement and TFD discriminated against Plaintiff because of his mental health issues, and this was a motivating factor for Defendants' decision to terminate Plaintiff's employment.

77.

As a direct, legal, and proximate result of Defendants' termination of Plaintiff, Plaintiff has suffered economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial.

78.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs incurred herein to be proven at trial.

**FIFTH CLAIM FOR RELIEF**

**(Invasion of Privacy by Intrusion)**

**(Against Edwards and Davis)**

79.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

80.

Under Oregon law, to establish a claim of invasion of privacy by intrusion, a plaintiff must prove three elements: (1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's

solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person. *Mauri v. Smith*, 324 Or 476 (1996).

81.

By following Plaintiff into the private shower area, as he was trying to escape their insults and harassment and berating him while he was clearly suffering from mental health related issues, Edwards and Davis, who are Plaintiff's supervisors, intentionally invaded Plaintiff's solitude, seclusion, and private affairs in a manner that is highly offensive to a reasonable person.

82.

TFD is vicariously liable for the intentional acts of Edwards and Davis because TFD should have known of their conduct and took no steps to intervene or protect employees including Plaintiff, even after Plaintiff reported this conduct to the police.

83.

As such, Plaintiff is entitled to emotional distress damages and punitive damages (on motion) in amounts to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### (ORS 654.062 Safety Complaint Retaliation)

### (Against TFD)

84.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

85.

Under ORS 654.062, it is an unlawful employment practice for an employer to terminate an employee's employment because the employee has made a complaint about workplace safety.

/ / /

/ / /

86.

Plaintiff told Bement on September 1, 2022, of a safety incident regarding being abandoned roadside by fellow firefighters at the scene of an incident. Bement and TFD fired Plaintiff less than thirty days later, on September 29, 2022.

87.

Bement and TFD discriminated against Plaintiff because of his safety complaint and Plaintiff's safety complaint was a motivating factor for Defendant's decision to terminate Plaintiff's employment.

88.

As a direct, legal, and proximate result of Defendant's termination of Plaintiff, Plaintiff has suffered economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress resulting in damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

### (Against Edwards and Davis)

89.

Plaintiff incorporates the preceding paragraphs of this complaint by reference.

90.

As alleged herein, TFD and Bement had full knowledge of Plaintiff's military-related trauma for which he receives medical treatment.

91.

Edwards and Davis' actions of berating Plaintiff while he was crying in the shower constitute an extraordinary transgression beyond the bounds of socially tolerable conduct.

92.

Bement's conduct, including the actions of berating Plaintiff for emotional outbursts, sharing details of confidential conversations about Plaintiff's mental health issues, and detaining

PAGE 16 – **COMPLAINT**	EMPLOYMENT LAW PROFESSIONALS
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

while attempting to force Plaintiff to sign termination paperwork all constitutes extraordinary transgressions beyond the bounds of socially tolerable conduct.

93.

Plaintiff being abandoned roadside, laughed at during a TFD Board meeting for filing a police report, while being exposed to constant ridicule about his emotional and mental issues, including his divorce, all constitute extraordinary transgression beyond the bounds of socially tolerable conduct.

94.

Bement and TFD intentionally caused, and Plaintiff did suffer, extreme emotional distress resulting in Plaintiff seeking and receiving professional medical assistance.

95.

As such, Plaintiff is entitled to emotional distress damages and punitive damages (on motion) in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Plaintiff is entitled to compensatory damages according to proof, no less than $50,000;
2. Plaintiff is entitled to recover damages for emotional distress according to proof but no less than $ 300,000.
3. Plaintiff is entitled to recover damages for loss to his reputation according to proof but no less than $150,000;
4. Plaintiff is entitled to injunctive relief ordering Defendants to cease retaliatory practices against employees who report in good faith.
5. Plaintiff is entitled to attorney fees and costs under ORS 659A.885,
6. Punitive damages against Bement in his individual capacity according to proof.
7. For all claims other remedies determined by the Court.

DATED this 31st day of August 2023

                              Respectfully submitted,

                              **EMPLOYMENT LAW PROFESSIONALS**

By:   */s Jameson E. Gideon*
        Jameson E. Gideon, OSB #202871
        Email: jameson@elpnw.com
        Randy J. Harvey, OSB #116714
        Email: randy@elpnw.com
        Patrick G. Conroy, OSB# 223806
        Email: patrick@elpnw.com

        20015 SW Pacific Hwy., Suite 221
        Sherwood, Oregon 97140
        Telephone: 503-822-5340
        Facsimile: 503-433-1404

        Of Attorneys for Gavin McClaskey